**Ronald THOMAS, et al., Plaintiffs,**

v.

**Francis A. FARMER, et al., Defendants.**

**No. C–3–82–323.**

United States District Court,
S.D. Ohio, W.D.

March 4, 1983.

---

Peter J. Rakay, Dayton, Ohio, for plaintiffs.

Leo Krebs, Dayton, Ohio, John E. Burkholder, Columbus, Ohio, for defendants.

DECISION AND ENTRY GRANTING MOTION TO DISMISS BY DEFENDANTS TERRELL AND LEE WITH RESPECT TO PLAINTIFFS' CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983 FOR VIOLATION OF FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS RIGHTS, AND UNDER 42 U.S.C. § 1985; DECISION AND ENTRY OVERRULING MOTION TO DISMISS BY DEFENDANTS TERRELL AND LEE WITH RESPECT TO PLAINTIFFS' CLAIMS FOR RELIEF UNDER 42 U.S.C. § 1983 FOR VIOLATION OF PLAINTIFFS' FIRST AMENDMENT RIGHTS

RICE, District Judge.

I. *Introduction*

The captioned cause is a civil rights action brought under 42 U.S.C. § 1983 and § 1985 by Plaintiffs for violations of Plaintiff Thomas' First and Fourteenth Amendment rights. Plaintiff Ronald Thomas is a tenured teacher employed by the Jefferson Township Board of Education, in Jefferson Township, Ohio. Thomas is President of Plaintiff Jefferson Township Teachers Association, the exclusive collective bargaining representative for all teachers employed by the Jefferson Township Board of Education. Defendant Francis Farmer is the Superintendent of the Jefferson Township School District. Defendants R.G. Terrell and Leamon Lee are members of the Jefferson Township Board of Education.

Plaintiff Thomas alleges that, as a result of a speech made by him at a Jefferson Township Board of Education meeting in

January, 1982, Defendant Farmer has waged a "campaign" against Plaintiff, designed to "get" him. (Doc. # 15, ¶ 8). Said campaign has allegedly involved defamatory statements about Plaintiff's professional and personal character and an attempt by Defendant Farmer to have Plaintiff's teaching contract suspended. Plaintiff also alleges that Defendants Lee and Terrell, acting in conspiracy with Defendant Farmer, voted in favor of the recommendation to suspend made by Defendant Farmer to the Jefferson Township Board of Education.

Plaintiffs claim that they are entitled to relief under 42 U.S.C. § 1983 and § 1985 because the abovestated actions have deprived Plaintiff Thomas of property or liberty without due process of law, in derogation of rights granted under the Fourteenth Amendment, and because said actions have deprived Plaintiffs of their rights of free speech and association under the First Amendment.

This case is presently before the Court on Defendant Lee and Terrell's Motion to Dismiss for failure to state a claim upon which relief can be granted under Fed.R. Civ.P. 12(b)(6). A Motion to Dismiss for failure to state a claim upon which relief can be granted may be granted only if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See, Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976).

With this standard in mind, and for the reasons set forth below, the Court has reached the following conclusions:

1. With respect to Plaintiffs' claims under 42 U.S.C. § 1983, Plaintiffs have failed to state a cause of action for violation of Fourteenth Amendment procedural due process rights, but *have* stated a cause of action for violation of the First Amendment rights to free speech and association.

2. With respect to Plaintiffs' claim under 42 U.S.C. § 1985, Plaintiffs have failed to state a cause of action entitling them to relief.

The Motion to Dismiss is, therefore, overruled with respect to the claim made under 42 U.S.C. § 1983 for violation of Plaintiffs' First Amendment rights. However, Defendants' Motion to Dismiss is granted with respect to the claim brought under 42 U.S.C. § 1983 for violation of Plaintiffs' Fourteenth Amendment rights to procedural due process and with respect to Plaintiffs' claim for relief under 42 U.S.C. § 1985.

II. *Discussion*

A. *Plaintiffs' Claim Under 42 U.S.C. § 1983 for violation of Plaintiff Thomas' Fourteenth Amendment Right to Procedural Due Process.*

■ Plaintiff first seeks relief under 42 U.S.C. § 1983, alleging that Defendants' action in voting in favor of a recommendation to suspend Plaintiff's teaching contract, constitutes a denial of his right to procedural due process as guaranteed by the Fourteenth Amendment.[1]

The Fourteenth Amendment reads, in pertinent part:

Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; *nor shall any State deprive any person of life, liberty, or property, without due process of law;* nor deny to any person within its jurisdiction the equal protection of the laws.

(emphasis added). Thus, the Fourteenth Amendment guarantees that before a person is deprived of a protected interest in

---

**1.** 42 U.S.C. § 1983 reads, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

property or liberty, he is entitled to some kind of hearing. *See, Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). However, "[t]he requirements of procedural due process apply *only* to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Id.* at 569, 92 S.Ct. at 2705 (emphasis added). Therefore, in order to state a cause of action for a violation of Plaintiff's procedural due process rights, he must show that some protected property or liberty interest is implicated, and that he has been deprived of that interest. *See, Roth, supra.*

The Supreme Court stated in *Roth, supra,* that:

> Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Id.* at 577, 92 S.Ct. at 2709. *See also, Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). Therefore, the Court must determine whether, under Ohio law, Plaintiff has a claim of entitlement to employment as a teacher with the Jefferson Township Board of Education.

The Supreme Court of Ohio held in *Dorian v. Euclid Board of Education*, 62 Ohio St.2d 182, 404 N.E.2d 155 (1980) that "Ohio's teacher tenure law provides teachers under continuing contracts with the expectation of continued employment. When that expectation is interfered with, minimal due process rights must be given." *Id.* at 185, 404 N.E.2d 158. Thus, the Court concludes that Plaintiff, as a tenured teacher under a continuing contract, has a protected property interest in continued employment by the Board of Education. However, the Court also concludes that Plaintiff has not set forth facts alleging that he has been *deprived* of that property interest, nor could he, since he has not been suspended or terminated from his employment with the Jefferson Township Board of Education. Standing alone, a showing that Plaintiff has a protected property interest, without some indication that he has been deprived of that interest, is not sufficient to state a violation of the Fourteenth Amendment.

■ Plaintiff also claims that he has been deprived of a protected liberty interest in his reputation because of Defendants' allegedly defamatory remarks. Although defamation "in the course of the termination of employment," *Paul v. Davis*, 424 U.S. 693, 710, 96 S.Ct. 1155, 1164, 47 L.Ed.2d 405 (1976), is sometimes sufficient to state a deprivation of a protected liberty interest, if the "communication was not made public, it cannot properly form the basis for a claim that petitioner's interest in his 'good name, reputation, honor, or integrity' was thereby impaired." *Bishop v. Wood*, 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976). In the instant case, Plaintiff has neither alleged that he was defamed in the course of termination of employment, nor has he alleged that any defamatory remarks were made by Defendants Terrell or Lee outside of an executive session of the Jefferson Township Board of Education, or outside of limited communications between individual Board members. Therefore, the Court concludes that Plaintiff has failed to establish that he has been deprived of a protected liberty interest in his reputation in violation of the Fourteenth Amendment.

B. *Plaintiffs' Claim Under 42 U.S.C. § 1983 for violation of the First Amendment*

■ Plaintiffs also seek relief under 42 U.S.C. § 1983, claiming that Defendants' allegedly defamatory statements, and attempts to suspend Plaintiff Thomas' teaching contract in response to the speech made by Plaintiff Thomas violates their right to free speech as guaranteed by the First Amendment.

There is no question that First Amendment rights to freedom of speech are available to teachers, *Tinker v. Des Moines,* 393 U.S. 503, 506, 89 S.Ct. 733, 736, 21 L.Ed.2d 731 (1969). Nor is there any question that where a teacher's employment is terminated, and some constitutionally protected speech is shown to be a motivating factor in the decision to terminate, the teacher has been denied his rights under the First Amendment. *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

▮ The Supreme Court has also "found in a number of cases that constitutional violations may arise from the deterrent, or 'chilling' effect of governmental regulations that fall short of a direct prohibition against the exercise of First Amendment rights." *Laird v. Tatum,* 408 U.S. 1, 11, 92 S.Ct. 2318, 2324, 33 L.Ed.2d 154 (1971) (citations omitted). Moreover, the Supreme Court has stated that "it is apparent that the threat of dismissal from public employment is nonetheless a potent means of inhibiting speech." *Pickering v. Board of Education,* 391 U.S. 563, 574, 88 S.Ct. 1731, 1737, 20 L.Ed.2d 811 (1968). Thus, the Court concludes that where the threat of dismissal from public employment has a "chilling" or deterrent effect on a teacher's exercise of his right to speak freely, his rights under the First Amendment have been violated. In this case, Plaintiffs have claimed that Defendants Lee and Terrell, in conspiracy with Defendant Farmer, and as a part of a retributive "campaign" to "get" Plaintiff Thomas, voted to suspend Plaintiff Thomas' teaching contract in response to Thomas' exercise of his First Amendment right to free speech. This Court is therefore compelled to conclude that, on the facts alleged in Plaintiffs' complaint, a cause of action has been stated for violation of the First Amendment. Accordingly, Defendants' Motion to Dismiss must be overruled with respect to said claim.

### C. *Plaintiff's Claim Under § 1985*

▮ Finally, Plaintiffs seek relief under 42 U.S.C. § 1985(3) alleging that Defendants Terrell and Lee acted in conspiracy with Defendant Farmer to violate their rights under the First and Fourteenth Amendment.

A valid claim under § 1985(3) must establish that defendants conspired with "some racial, or perhaps otherwise class-based invidiously discriminatory animus." *Griffin v. Breckinridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Although this Court recognizes that civil rights suits are to be viewed broadly, *Kitchen v. Crawford,* 326 F.Supp. 1255 (N.D.Ga.1970), *aff'd,* 442 F.2d 1345 (5th Cir.1971), *cert. denied,* 404 U.S. 956, 92 S.Ct. 318, 30 L.Ed.2d 272 (1971), the Court concludes that even so viewed, Plaintiffs' allegations do not establish that Defendants conspired against the Plaintiff with some invidious or class based discriminatory animus. Accordingly, Defendants' Motion to Dismiss is granted with respect to the § 1985 claim.

### III. *Conclusion*

In summary, the Court concludes that Plaintiffs have set forth no set of facts entitling them to relief against Defendants Terrell and Lee under 42 U.S.C. § 1983, for violation of the Fourteenth Amendment, or under 42 U.S.C. § 1985. Those claims are therefore dismissed for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6).

Plaintiffs have, however, set forth sufficient facts to state a cause of action under 42 U.S.C. § 1983 for violation of the First Amendment. Defendants' Motion to Dismiss is, therefore, overruled with respect to said claim.