863 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John STACY, Plaintiff-Appellant,
v.
MEMBERS of the BOARD OF PAROLES, Ned Ray McWherter,
Governor, Defendants,
Ron Bishop, Ed Hoover, Linda Miller, Donna Blackburn, Pam
Baggenstoss, Stephanie Chivers, Defendants-Appellees.
 No. 88-5330.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1988.
 
 Before LIVELY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Tennessee prisoner moves for the appointment of counsel, and appeals the district court's sua sponte dismissal of his civil rights complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Stacy is seventy-six years old and has been classified as a special needs inmate. Seeking monetary, declaratory and injunctive relief, Stacy filed suit under 42 U.S.C. Sec. 1983 alleging a violation of his fourteenth amendment right to equal protection of the law. Plaintiff alleged that the defendant Board failed to recommend him for executive clemency because he is a male. He contends that he has been a victim of sex discrimination because the Board recommends for clemency a larger percentage of female inmates than male inmates. The magistrate conducted a Sec. 1915(d) evidentiary hearing and ultimately recommended that the case be dismissed as frivolous because plaintiff failed to show invidious discrimination. The district court adopted the magistrate's report over plaintiff's timely objections.
 
 
 3
 Upon review, we conclude plaintiff failed to set forth a claim of violation of his equal protection rights. In support of his claim of sexual discrimination, plaintiff merely alleged that during the years 1985 and 1986, ten female inmates were recommended for clemency while no male inmates were recommended. The mere showing of disparate impact, however, is insufficient to prove that the Board purposefully discriminated against plaintiff in its decision not to recommend him for clemency. See McCleskey v. Kemp, --- U.S. ----, 107 S.Ct. 1756, 1766 (1987); Agg v. Flanagan, 855 F.2d 336, 341 (6th Cir.1988).
 
 
 4
 Finally, although it was improper for the district court to weigh the evidence presented at the evidentiary hearing because it was obligated to view the evidence in favor of the plaintiff, see Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir.1976), plaintiff still failed to state a claim under Sec. 1983 even if his factual allegations are assumed true.
 
 
 5
 Accordingly, the motion for appointment of counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5). Rules of the Sixth Circuit.