872 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rodney BRANHAM, Plaintiff-Appellant,
v.
Robert BROWN, Defendant-Appellee.
 No. 88-1926.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1989.
 
 1
 Before KEITH and KENNEDY, Circuit Judges and RICHARD B. McQUADE, Jr., District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Rodney Branham appeals the summary judgment for the defendant Director of the Michigan Department of Corrections in this prisoner civil rights action filed under 42 U.S.C. Sec. 1983. Plaintiff alleged that his security classification was inappropriately increased and that he has been denied effective medical treatment as a result. The district court concluded that no genuine issue of material fact exists and granted defendant's motion for summary judgment. Upon consideration of the entire record, we conclude that summary judgment for defendant was proper.
 
 
 4
 First, plaintiff's claim that his security classification was increased in violation of prison policy is without merit. Although plaintiff has no constitutional right to a particular classification, see Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976), a state may create such a right under state law. Beard v. Livesay, 798 F.2d 874, 876-79 (6th Cir.1986). However, defendant established that the prison policy allegedly violated in this case was not applicable to plaintiff because his predicate misconduct occurred before the effective date of the policy directive. Also, plaintiff is not a "psychiatric inpatient" to which the policy applies. Therefore, summary judgment was proper with respect to this claim. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986).
 
 
 5
 Also, plaintiff's claim that defendant was deliberately indifferent to his serious medical needs is without merit. A review of the entire record reveals only that plaintiff is dissatisfied with the treatment he is receiving. In particular, plaintiff alleges that he would like to participate in group psychotherapy. However, nothing in the record indicates that group therapy is essential to plaintiff's treatment or that the exclusion of plaintiff from this treatment due to his security classification is unreasonable. Accordingly, plaintiff established only a difference of opinion with respect to his treatment which is not actionable under Sec. 1983. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976).
 
 
 6
 Therefore, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation