940 F.2d 662
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hassan SEIFULLAH, Plaintiff-Appellant,
v.
Raymond G. TOOMBS, Warden, Individually and in his
individual capacity as warden, Lynn Green, Individually and
in his individual capacity as Medical Director at MDOC,
Deanna Smedley, Individually and in her individual capacity
as psychologist at Ionia Maximum Facility, Defendants-Appellees.
 No. 91-1388.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1991.
 
 1
 Before KENNEDY and MILBURN, Circuit Judges, and WILHOIT, District Judge.*
 
 ORDER
 
 2
 Hassan Seifullah, a pro se Michigan prisoner, appeals the district court's order denying his motion for a temporary restraining order and/or preliminary injunction filed in conjunction with his civil rights action under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, Seifullah sued the warden of Ionia Maximum Correctional Facility (Ionia), a psychologist employed at Ionia, and the deputy director of the Bureau of Health Care Services, Michigan Department of Corrections (MDOC) in their individual capacities. He alleged that the defendants violated his rights under the eighth amendment, Michigan law, and MDOC regulations by failing to provide him with recommended group therapy, medication, and reasonable access to diagnostic and treatment services, and by failing to correct mental health staffing deficiencies at Ionia.
 
 
 4
 Subsequently, Seifullah filed a motion for a temporary restraining order and/or a preliminary injunction, supported by affidavits written by himself and a fellow inmate. In his motion, Seifullah sought a transfer to the Forensic Center in Ypsilanti for a psychiatric evaluation because he no longer trusts the defendants to properly diagnose his mental condition. Further, he requested that the diagnosis be performed by a psychiatric expert independent of MDOC. The defendants responded to his motion and also submitted a motion to dismiss or for summary judgment supported by affidavits and by Seifullah's medical and psychiatric records.
 
 
 5
 The district court denied Seifullah's motion for injunctive relief in an order filed March 13, 1991. The court stated that Seifullah had not produced compelling evidence of irreparable and immediate injury and that his likelihood of success on the merits did not warrant granting preliminary injunctive relief.
 
 
 6
 On appeal, Seifullah argues that the district court erred in finding that he did not demonstrate a likelihood of success on the merits. He also argues that the district court failed to discuss each of four factors relevant to a motion for injunctive relief, thus failing to comply with the requirements of Fed.R.Civ.P. 52(a).
 
 
 7
 Upon consideration, we affirm the district court's order because Seifullah has not demonstrated either imminent irreparable injury or a substantial likelihood of success on the merits. This court's review of a district court's decision denying a preliminary injunction is limited to an abuse of discretion standard. See NAACP v. City of Mansfield, 866 F.2d 162, 166-67 (6th Cir.1989).
 
 
 8
 Four factors must be considered when ruling on a request for preliminary injunction: (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits, (2) whether the movant has shown that irreparable injury will occur absent the injunction, (3) whether issuance of the preliminary injunction could substantially harm third parties, and (4) whether the public interest would be served by issuing the preliminary injunction. See NAACP, 866 F.2d at 166.
 
 
 9
 The eighth amendment requirement of adequate medical care for a prisoner applies equally to psychiatric care. See Torraco v. Maloney, 923 F.2d 231, 234 (1st Cir.1991); Bowring v. Godwin, 551 F.2d 44, 47 (4th Cir.1977) ("We see no underlying distinction between the right to medical care for physical ills and its psychological or psychiatric counterpart.") However, as with physical treatment, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976).
 
 
 10
 The medical records submitted by the defendants clearly establish that Seifullah did receive mental health care, albeit not the particular type of care he thought he should have. Thus, the record supports the district court's conclusion that Seifullah has little likelihood of successfully demonstrating deliberate indifference to a serious mental health need. Further, Seifullah has failed to demonstrate that an injunction is necessary to prevent imminent, irreparable injury and that his remedy at law is inadequate. Those who have examined Seifullah have uniformly concluded that he is in no serious psychological danger which would threaten his well-being.
 
 
 11
 Although the district court did not reach specific conclusions regarding the final two factors, those factors are not dispositive of this case.
 
 
 12
 The district court clearly did not abuse its discretion in denying Seifullah's motion for a preliminary injunction. Accordingly, despite the lack of findings of fact as called for by Fed.R.Civ.P. 52(a), the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Henry R. Wilhoit, U.S. District Judge for the Eastern District of Kentucky, sitting by designation