815 F.2d 79
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elmo MORELOCK, Plaintiff-Appellant,
v.
Mickey WARE, A.B. Marlar, Queen Thomas, and Dr. Campbell,
Defendants-Appellees.
 No. 86-5350.
 United States Court of Appeals, Sixth Circuit.
 Feb. 19, 1987.
 
 Before MERRITT, WELLFORD and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the parties' briefs, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff filed this civil rights action while serving a two-year sentence at the Federal Correctional Institution in Memphis. He alleged, pursuant to 42 U.S.C. Sec. 1983, a violation of his Eighth Amendment rights as the result of negligent medical treatment for an injury sustained while performing occupational duties in the prison carpentry shop. The district court, construing the action according to 42 U.S.C. Sec. 1983, granted the defendants' motion to dismiss. This appeal followed.
 
 
 3
 An examination of the record indicates that plaintiff does not dispute the fact that he did receive medical treatment for his injury. Rather, he claims the treatment was negligent and inadequate. Because plaintiff filed this action against federal not state officials, it must be construed as that for an action brought under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) even though the decisional law is the same as an action brought under Section 1983. See e.g., Butz v. Economou, 438 U.S. 478, 498-504 (1978). In order to state a constitutional violation resulting from medical treatment, the plaintiff must show a deliberate indifference to a serious medical need on the part of the defendants. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir.1976). Nothing in the record indicates a deliberate indifference by defendants to the plaintiff's injury, and this Court will not second-guess the defendants' medical judgments in order to constitutionalize violations which seem to sound merely in malpractice. Westlake v. Lucas, supra.
 
 
 4
 Thus, plaintiff has failed to state a claim under the Bivens doctrine, and we affirm. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 5
 It is therefore ORDERED that the final order of the district court be affirmed.