815 F.2d 707
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis William WHITON, Plaintiff-Appellant,
v.
LIMA CORRECTIONAL FACILITY, Ohio Department of Corrections &
Rehabilitation, Thomas J. Stickrath--Chief Insp., Harry K.
Russell--Supt., Wes Jones--Asst. Supt. of Treatment; Dr.
Martinez--Director of Medicine, Barb Moore--Head Nurse,
Hubert Pugh--Insp. of Inst. Services, Defendants-Appellees.
 No. 86-3188.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1987.
 
 Before ENGEL, KRUPANSKY and GUY, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff filed this civil rights action for injunctive relief while incarcerated at the Lima Correctional Facility in Lima, Ohio. He alleged, pursuant to 42 U.S.C. Sec. 1983, a violation of his Eighth Amendment rights as the result of inadequate medical treatment for a pain in his knee. The matter was referred to a magistrate who recommended dismissal of all defendants except the treating physician. Plaintiff concurred with the magistrate's recommendation and moved to amend his complaint to include a claim for damages against the remaining defendant. The district court adopted the magistrate's recommendation and granted plaintiff leave to amend his complaint. Plaintiff, however, did not file an amended complaint. The district court on its own motion then dismissed the action entirely, and plaintiff has appealed.
 
 
 3
 We have construed plaintiff's pleadings liberally so as to include a claim for damages, thus preventing the complaint from being moot upon plaintiff's subsequent move to Chillicothe Correctional Institute, Chillicothe, Ohio.
 
 
 4
 However, plaintiff has failed to state a claim for damages under 42 U.S.C. Sec. 1983 against the remaining defendant. An examination of the record indicates that plaintiff does not dispute the fact that he did receive medical treatment for his injury. Rather, he claims the treatment was inadequate and referral to a specialist should have been made. In order to state a Section 1983 claim for an Eighth Amendment violation resulting from medical treatment, the plaintiff must show a deliberate indifference to a serious medical need on the part of the defendant. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976).
 
 
 5
 Nothing in the record indicates a deliberate indifference by the defendant to plaintiff's medical complaint and this Court will not second-guess the defendant's medical judgments in order to constitutionalize violations which seem to sound merely in malpractice. Westlake v. Lucas, supra.
 
 
 6
 Thus, we affirm. Pursuant to this affirmance, plaintiff's request for counsel is hereby denied. The questions upon which this case depends are so unsubstantial as not to require further argument. Rule 9(b)(5), Rules of the Sixth Circuit.