865 F.2d 1269
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William SUWARSKY, Plaintiff-Appellee,
v.
Dr. Vaughn CORNELL and Robert Field, Defendants-Appellants.
 Nos. 87-2083, 87-2110 and 87-2140.
 United States Court of Appeals, Sixth Circuit.
 Jan. 12, 1989.
 
 Before LIVELY, DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an action brought under 42 U.S.C. Sec. 1983 against a physician and a nurse who are alleged to have violated the Eighth and Fourteenth Amendments by failing to give the plaintiff proper medical treatment while he was a prisoner in a Michigan jail. The defendants have appealed a federal district court judgment in favor of the plaintiff, and the plaintiff has cross-appealed on the issue of damages. We conclude that the defendants were entitled to judgment as a matter of law.
 
 
 2
 * The plaintiff, William Suwarsky, was injured in a motorcycle accident on July 11, 1982. He suffered three broken ribs, a dislocated spine, and various bruises. He was hospitalized for approximately 30 days and then was released with instructions to wear a body cast.
 
 
 3
 Mr. Suwarsky was arrested on November 16, 1982, and was eventually placed in the Berrien County Jail. There he was lodged in the jail's medical section. He claims that this was because of his medical condition, but the record suggests that the jail administrators wished to segregate him from the other prisoners because they feared that his back brace could be used as a weapon.
 
 
 4
 After a few days in the medical section Mr. Suwarsky began experiencing nausea, sudden chills, sweats, and vomiting. He started banging on the window of his cell and yelling whenever he was approached by defendant Robert Field, who was employed at the jail as a nurse. Mr. Field persistently ignored him, so Mr. Suwarsky, following established procedure, filled out a sick-call slip.
 
 
 5
 Nurse Field conducted a brief medical examination of Mr. Suwarsky the next day. Concluding that the prisoner had the flu, he prescribed an antibiotic. Mr. Suwarsky's condition did not improve, and he resumed his practice of banging on the window and yelling for help when Nurse Field was in the vicinity. On one occasion he also tried to attract the attention of defendant Cornell, a contract physician who visited the jail once a week.
 
 
 6
 Mr. Suwarsky was released from jail on December 21, 1982, three days prior to his scheduled release date. The early release was requested by a prison official who observed that Mr. Suwarsky appeared to be experiencing extreme back pain. Following his release, Mr. Suwarsky saw a doctor who eventually found and drained a large subphrenic abscess in his side.
 
 
 7
 Mr. Suwarsky brought suit in the United States District Court for the Western District of Michigan, naming as defendants Dr. Cornell, Nurse Field, Berrien County, the Berrien County Sheriff's Department, and the Sheriff of Berrien County. The complaint alleged that Mr. Suwarsky had been subjected to cruel and unusual punishment because of the failure to treat his medical condition. (Various state law claims were also asserted; these were dismissed by the trial court without prejudice, and have been refiled in the Berrien County Circuit Court.) The defendants other than Nurse Field and Dr. Cornell were dropped from the action prior to trial.
 
 
 8
 Mr. Suwarsky's proofs at trial included the deposition testimony of two expert witnesses. One, Dr. Carol Kauffman, testified as to the nature and probable course of plaintiff's abscess. According to Dr. Kauffman, the abscess most likely originated in the motorcycle accident in July. The other expert, Carol Campsmith, R.N., testified that Nurse Field's treatment of Mr. Suwarsky did not meet professional nursing standards.
 
 
 9
 The jury returned a verdict in favor of Mr. Suwarsky, awarding him actual damages of $60,000 plus $10,000 in punitive damages against Nurse Field and $30,000 in punitive damages against Dr. Cornell. The defendants moved for a remittitur. The trial court thereupon reduced the compensatory damage award to $15,000 and the punitive damages award against Dr. Cornell to $10,000. The $10,000 punitive damages award against Nurse Field was not disturbed.
 
 
 10
 Appealing separately, the defendants argue that the trial court erred in failing to grant their motions for a directed verdict and/or judgment notwithstanding the verdict. Plaintiff Suwarsky has cross-appealed on the issue of the remittitur.
 
 II
 
 11
 Under the decision of the Supreme Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' ... proscribed by the Eighth Amendment." The record before us, as we read it, fails to make out a jury case on deliberate indifference to serious medical need.
 
 
 12
 Our opinion in Westlake v. Lucas, 537 F.2d 857 (6th Cir.1976), where we held that a prisoner had such a cause of action, says that "a prisoner states a proper cause of action when he alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention...." 537 F.2d at 860. Here, plaintiff's requests for medical treatment consisted mainly of banging on the door and yelling at the passing figure of Nurse Field. This can hardly be termed a "reasonable request;" the record shows that Mr. Suwarsky knew when he came to the jail that the proper procedure for obtaining medical help was to ask the guard for a sick-call slip, fill it out and return it. The need for attention cannot be said to have been obvious when plaintiff failed properly to request attention.
 
 
 13
 When Mr. Suwarsky followed the correct procedure and submitted a sick-call slip, Nurse Field responded appropriately. Mr. Suwarsky argues that the resulting ten-minute examination was inadequate, but as we noted in Westlake, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and to constitutionalize claims which sound in state tort law." 537 F.2d at 860 n. 5. Cf. Estelle, supra, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") If Nurse Field's failure to discover the subphrenic abscess falls below the standard of care applicable to the nursing profession, it would not constitute "deliberate indifference to serious medical needs" in the absence of proof that the abscess was intentionally overlooked. No such proof was presented. On the contrary, the testimony by Dr. Carol Kauffman indicated that an abscess such as Mr. Suwarsky's, in the area of the retroperitoneum, is likely to be difficult to diagnose. The physician whom Mr. Suwarsky saw after he was released from the jail failed to diagnose the abscess initially, even though it was several weeks more advanced than it had been when Nurse Field missed it. Viewing the record in the light most favorable to plaintiff, we are bound to say that the evidence in this case provides no basis for the finding that Nurse Field committed an intentional tort of the sort contemplated by Estelle.
 
 III
 
 14
 There is even less justification for holding Dr. Cornell liable for deliberate indifference to a serious medical need. Mr. Suwarsky alleges that he once yelled at Dr. Cornell for assistance when the doctor was walking by his cell. No reasonable jury could have found that Dr. Cornell's failure to respond to the yell constituted a violation of Sec. 1983. Dr. Cornell's role at the Berrien County was to make himself available once a week to see inmates referred to him by the jail nurse. He was not responsible for independently examining any, or all, of the 300 inmates at the jail, whether they shouted at him or not.
 
 
 15
 The judgment is REVERSED.