869 F.2d 1491
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Shaka MILLER, Plaintiff-Appellant,
v.
Robert BROWN, Jr., Director; Dr. Donald Baker; E.
Lecureux, Warden; Samuel W. Logsdon, (Arum); D.
Trippett, Deputy Warden, Defendants-Appellees.
 No. 88-1357.
 United States Court of Appeals, Sixth Circuit.
 Feb. 23, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 James Shaka Miller appeals the dismissal of his civil rights complaint filed under 42 U.S.C. Sec. 1983 in which he alleged that the defendants, prison officials at the Kinross Correctional Facility and the Michigan Department of Corrections, were deliberately indifferent to his serious medical needs. The district court dismissed plaintiff's complaint for failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). Upon consideration, we conclude that the district court properly dismissed plaintiff's complaint.
 
 
 3
 The district court properly construed plaintiff's complaint liberally and accepted the allegations as true. See Kent v. Johnson, 821 F.2d 1220, 1223-24 (6th Cir.1987). Plaintiff alleged that his finger is becoming deformed because the broken finger was initially misdiagnosed as a sprain. Plaintiff also alleged that he suffers from pain in his shoulder. Plaintiff acknowledges that his finger was treated with a splint and medication and that he continues to receive treatment. Essentially, plaintiff alleges that corrective surgery is necessary to correct his deformed finger and shoulder pain.
 
 
 4
 The district court correctly concluded that plaintiff has not stated a claim cognizable under Sec. 1983. A difference of opinion with respect to diagnosis and treatment of a medical condition does not present a cognizable claim. Estelle v. Gamble, 429 U.S. 97, 107 (1976); Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976). At most, plaintiff has stated a claim for medical malpractice, which is not cognizable under Sec. 1983. See Estelle, 429 U.S. at 106. Simply put, plaintiff has not alleged "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." See Estelle, 429 U.S. at 106. Therefore, plaintiff's complaint was properly dismissed.
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.