955 F.2d 45
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clifford NUTTER, Plaintiff-Appellant,
v.
Elizabeth MIRACLE; Joe Rion; Rodney Lawrence; Dewey
Sowders Defendants-Appellees,
Loyd Fletcher; Danny Batton; Steve Berry, Defendants.
 No. 91-6012.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1992.
 
 1
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Clifford Nutter, through counsel, appeals the district court's order granting the defendants' motion for summary judgment and dismissing this civil rights complaint with prejudice. 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Nutter alleged that the defendants, a nurse and several corrections officers employed by the Kentucky Corrections Cabinet, ignored and were deliberately indifferent to his serious medical illness, subjecting him to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. He also complained that he was transferred from a minimum security facility to a medium security prison as a disciplinary measure because of his request for medical attention due to his illness, later confirmed to be Bell's Palsy. Moreover, he complained that he was forced to remain in the medium security prison after state medical personnel determined that he was, indeed, suffering from this illness, depriving him of equal protection and due process in violation of the Fourteenth Amendment.
 
 
 4
 Upon review, this court concludes that the district court properly dismissed this complaint. This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 For the reasons stated by the magistrate judge in his report and recommendation and in the district court's order entered July 31, 1991, Nutter has not shown unnecessary and wanton infliction of pain to implicate the Eighth Amendment's proscription against cruel and unusual punishment in regard to a prisoner's medical care. Wilson v. Seiter, --- U.S. ----, 111 S.Ct. 2321, 2326 (1991). Although there may have been a difference of opinion between the medical staff and Nutter in regard to his initial diagnosis and treatment, a misdiagnosis does not become a constitutional violation merely because the victim is a prisoner. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Westlake v. Lucas, 537 F.2d 857, 860-61 (6th Cir.1976).
 
 
 6
 Nutter was seen by medical staff at least once per day from the time he first complained of his symptoms until the time he was finally diagnosed with Bell's Palsy and released from segregation, where he had been on a "suicide watch." There was nothing unreasonable or wanton in the defendants' actions of attempting to protect Nutter from himself, based on the defendants' belief that Nutter had suspected suicidal tendencies. The defendants did not ignore and were not indifferent to Nutter's needs during the five-day period during which time a final diagnosis was unclear to the prison medical staff. The record shows that, after a confirmed diagnosis by a prison physician, Nutter was released from the Special Management Unit at the Northpoint Training Center, a medium security facility, and placed back into the general population, with directions for treatment. Based on the fact that the defendants segregated Nutter in the Special Management Unit for fear that he may be of harm to himself, and the fact that he was routinely seen by medical staff throughout this entire ordeal, a constitutional violation has not been established in this case.
 
 
 7
 Accordingly, the district court's judgment dismissing this complaint is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation