42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Favis Clay MARTIN, Plaintiff-Appellant,
v.
Ernest BRISTOL, Individually and in his Official Capacity as
Medical Administrator at the Federal Correctional
Institution, Memphis, Tennessee; DICK GORDON, Individually
and in his Official Capacity as Bureau of Federal Prisons
Regional Financial Administrator at Dallas, Texas,
Defendants-Appellees.
 No. 94-5298.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1994.
 ORDER
 
 1
 Before: KENNEDY and SILER, Circuit Judges, and CHURCHILL, District Judge.*
 
 
 2
 Favis Clay Martin, a pro se Texas prisoner serving the remainder of his life sentence in the federal prison system, appeals a district court judgment in favor of the defendants in his civil rights action filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Martin sued the defendants for allegedly violating his Eighth Amendment right to be free from cruel and unusual punishment. He alleged that the defendants willfully denied him surgery to remove a Morton's neuroma in his foot, recommended by an orthopedic physician, causing him unnecessary pain. During the pendency of this action, the surgery was performed. However, Martin continued to assert that he requires additional surgery to remove bone spurs from both feet, and that the delay in the surgery already performed constituted cruel and unusual punishment.
 
 
 4
 The district court granted the defendants' renewed motion for summary judgment in an order filed on January 3, 1994, with a separate judgment entered on January 12th. The court found that the surgery for Morton's neuroma disease was not denied but was reasonably delayed, first because of an incomplete initial request and later for security reasons and that, during the delay, Martin was treated with pain medication and cortisone shots. Further, after examination of Martin's medical records, including the report from a recent orthopedic examination, the court found that surgical removal of the bone spurs was not recommended and that the defendants had not been deliberately indifferent to Martin's serious medical needs. Martin's timely motion to reconsider was denied in an order entered on February 23, 1994.
 
 
 5
 On appeal, Martin argues that the district court erred by: (1) denying his motion to compel discovery, (2) denying his motion to appoint counsel, and (3) granting the defendants' motion for summary judgment. Martin has filed a motion for the appointment of counsel on appeal and for waiver of the filing of a joint appendix.
 
 
 6
 Upon review, we affirm the district court's judgment because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). This court's review of an order granting summary judgment is de novo; it uses the same test as that used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993).
 
 
 7
 The scope of discovery lies within the sound discretion of the trial court and the denial of a motion to compel discovery is reviewed only for abuse of discretion. Lavado v. Keohane, 992 F.2d 601, 604 (6th Cir.1993). Because the only genuine issues of material fact in this case were resolved by the medical documents that were provided through discovery, the district court did not abuse its discretion in denying Martin's remaining requests.
 
 
 8
 Moreover, the district court did not abuse its discretion when it denied Martin's motion for the appointment of counsel. A district court has discretion to appoint counsel for an indigent civil litigant, 28 U.S.C. Sec. 1915(d), and review of a district court's order denying appointment of counsel is for abuse of discretion. Lavado, 992 F.2d at 604-05. In this case, the district court appropriately considered whether exceptional circumstances warranted the appointment of counsel and determined that they did not. Because the issues in this case were not complex and Martin stood a poor chance of success on the merits, the district court did not abuse its discretion in denying his motion for appointed counsel.
 
 
 9
 Finally, the district court did not err in granting summary judgment for the defendants as to Martin's Eighth Amendment claim. Prison officials may be sued under the Eighth Amendment for deliberate indifference to the serious medical needs of a prisoner because such indifference constitutes the "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Such a claim has both an objective and subjective component. Moore v. Holbrook, 2 F.3d 697, 700 (6th Cir.1993) (citing Wilson v. Seiter, 501 U.S. 294, 298-99 (1991)). The objective component requires that the pain be serious. Id. The subjective component does not have a fixed meaning, but provides that the offending, non-penal conduct be wanton. Id. In the context of providing medical care, deliberate indifference should establish wantonness. Hudson v. McMillian, 112 S.Ct. 995, 998-99 (1992). It is clear from the medical records in this case that Martin's condition, although not life-threatening, was painful. However, the undisputed facts do not establish the subjective component of the Wilson test and so the defendants were properly granted judgment as a matter of law.
 
 
 10
 The record indicates that defendant Gordon disapproved the initial request for surgery for Martin's Morton's neuroma only because it was incomplete. When defendant Bristol resubmitted the completed request approximately two weeks later, Gordon approved the surgery. The only other delay was for security reasons when Martin discovered the date of his scheduled surgery. Thus, it is beyond question that the defendants were not deliberately indifferent to Martin's Morton's neuroma.
 
 
 11
 Martin's belief that he requires further surgery for the removal of bone spurs in his heels merely constitutes a disagreement over medical treatment and, as such, does not state a claim under the Eighth Amendment. See Estelle, 429 U.S. at 107; Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976). Even if there was a misdiagnosis and the course of treatment prescribed was ineffectual, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. Instead, Martin's remedy for any medical malpractice claim he may wish to assert lies in an action against the United States meeting the requirements of the Federal Tort Claims Act, 28 U.S.C. Secs. 1346(b), 2671-80. See Flechsig v. United States, 991 F.2d 300, 303-04 (6th Cir.1993).
 
 
 12
 Accordingly, the motion for the appointment of counsel is denied. The motion to waive the filing of a joint appendix is denied as moot. The district court's judgment, entered on January 12, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, U.S. District Judge for the Eastern District of Michigan, sitting by designation