67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
THADDEUS-X, Plaintiff-Appellant,
v.
BLATTER, et al., Defendants-Appellees.
 No. 94-2444.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1995.
 
 1
 Before: JONES and DAUGHTREY, Circuit Judges, and GIBSON, District Judge.*
 
 ORDER
 
 2
 Thaddeus-X, a pro se Michigan prisoner, appeals a district court opinion and order granting the defendants' motion for summary judgment in this civil rights case filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This prisoner sued several officers who were employed at the State Prison of Southern Michigan at the time of the alleged constitutional violations. In his complaint, Thaddeus-X alleged that, on February 15, 1994, the defendants searched his cell, seized certain personal property, destroyed his legal papers and confiscated certain medication that had been prescribed for him, all in retaliation for filing lawsuits against other prison officials. The plaintiff alleged that these actions violated his rights under the First, Eighth and Fourteenth Amendments. The defendants filed a motion to dismiss or for summary judgment.
 
 
 4
 The matter was referred to a magistrate judge, who first determined the prisoner had no legitimate Fourth Amendment expectation of privacy in his prison cell so that the Fourth Amendment's prohibition against unreasonable searches would apply. Hudson v. Palmer, 468 U.S. 517, 536 (1984). The magistrate judge also concluded that the defendants acted in accord with prison policy, and that Thaddeus-X had failed to allege the state court remedies for the wrongful deprivation of his personal property were inadequate so that his Sec. 1983 action could survive. See Daniels v. Williams, 474 U.S. 327 (1986), and Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986). Next, the magistrate judge found that the plaintiff had failed to show the defendants knowingly and intentionally interfered with Thaddeus-X's right to meaningful access to the courts by deliberately withholding the plaintiff's legal property. Bounds v. Smith, 430 U.S. 817, 822 (1977). The magistrate judge rejected all of the prisoner's remaining arguments.
 
 
 5
 Upon de novo review, the district court adopted the Report, but added that Thaddeus-X had failed to establish a valid retaliation claim actionable under Sec. 1983, because Thaddeus-X suffered no more than a de minimis inconvenience and that there was no "adverse impact" on the prisoner. See ACLU v. Wicomico County, 999 F.2d 780, 785 (4th Cir.1993). The district court also added that Thaddeus-X failed to establish an Eighth Amendment violation of his right to be free of cruel and unusual punishment, under Estelle v. Gamble, 429 U.S. 97, 104 (1976), and under Westlake v. Lucas, 537 F.2d 857, 859-60 (6th Cir.1976).
 
 
 6
 On appeal, Thaddeus-X preserves three issues: 1) whether he was denied meaningful access to the courts, under the holding in Bounds v. Smith; 2) whether the magistrate judge should have permitted further discovery so that Thaddeus-X could properly challenge defendant Phelps's statement that Thaddeus-X's medication had expired; and 3) whether the district court erred in dismissing the retaliation claims.
 
 
 7
 This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993).
 
 
 8
 Upon review, we conclude that, with the exception of the plaintiff's claim of retaliation, the district court's order should be affirmed for the reasons stated by that court. Concerning the retaliation claim, the general rule is that a substantive due process claim may be stated against prison guards for retaliating against a prisoner for exercising his First Amendment rights. Cale v. Johnson, 861 F.2d 943, 950-51 (6th Cir.1988). However, the record shows that this prisoner's cell was only one out of approximately fifteen cells that defendant Blatter had ordered to be "cleaned" on February 15, 1994. Moreover, the evidence does not support the prisoner's statement that his cell was not in a condition that would require the cell to be subject to this clean-out order. No genuine issue of material fact has been created to question the defendants' legitimate motives and reasons for the shake-down of this plaintiff's cell. Thus, this court concludes that the district court's dismissal of the retaliation claim was proper, but for reasons other than those stated by the district court. See Jarrett v. Kassel, 972 F.2d 1415, 1429 (6th Cir.1992), cert. denied, 113 S.Ct. 1272 (1993). All other issues raised by Thaddeus-X in his original complaint have been abandoned and, thus, this court need not address those claims on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 9
 Accordingly, the district court's order granting the defendants' motion for summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation