107 F.3d 871
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward SLONE, Jr., Plaintiff-Appellant,
v.
Michael J. O'DEA, III; Dewey Sowders; Dr. Sheridan,
Individually; Bashirahmed Ameji, Individually,
Defendants-Appellees.
 No. 96-5444.
 United States Court of Appeals, Sixth Circuit.
 Feb. 18, 1997.
 
 1
 Before: SILER, COLE, and VAN GRAAFEILAND,* Circuit Judges.
 
 ORDER
 
 2
 Edward Slone, Jr., a pro se Kentucky prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Slone sued four state prison officials (O'Dea, Sowders, Dr. Sheridan and Dr. Ameji) in their individual and official capacities. Slone alleged that the defendants failed to act on a neurosurgeon's recommendation for surgery and thus violated the Fifth, Eighth and Fourteenth Amendments, prison procedures and the Kentucky Constitution. Upon the magistrate judge's recommendation and over Slone's objections, the district court granted the defendants' motion for summary judgment and denied Slone's motion for partial summary judgment.
 
 
 4
 In his timely appeal, Slone reasserts his claim that the defendants violated his Eighth Amendment rights. He also argues that the district court erred by not granting his motion for a physical examination and by granting summary judgment despite Dr. Ameji's alleged delay in acting on the surgery recommendation.
 
 
 5
 Initially, we note that the district court overlooked Slone's claims that the defendants violated prison procedures and the Kentucky Constitution, but we conclude that the omission does not warrant vacating the district court's judgment and remanding for further consideration because relief on the claims was implicitly denied, see Ford Motor Co. v. Transport Indem. Co., 795 F.2d 538, 543 (6th Cir.1986), and because Slone has abandoned the issues on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 6
 We also note that the equitable portion of Slone's claim became moot upon his transfer from Eastern Kentucky Correctional Complex. See Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996). Thus, only his request for monetary damages survives.
 
 
 7
 Upon review, we conclude that the district court properly granted summary judgment to the defendants as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); accord Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). Although Slone did not receive the treatment he desired, his Eighth Amendment rights were not violated as Dr. Ameji did provide conservative treatment to Slone. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976). Additionally, Dr. Ameji's delay in sending Dr. Sheridan a letter at most shows inadvertence, rather than deliberate indifference to Slone's health. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). We also note Slone did not establish any personal involvement on the part of O'Dea, Sowders or Dr. Sheridan, see Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984), nor could they be held liable under the doctrine of respondeat superior in a § 1983 suit. See Monell v. Department of Soc. Servs. of New York, 436 U.S. 658, 691-95 (1978).
 
 
 8
 For the reasons discussed above, we conclude that the district court properly denied Slone's motion for partial summary judgment. See Garner v. Memphis Police Dep't, 8 F.3d 358, 363 (6th Cir.1993), cert. denied, 114 S.Ct. 1219 (1994).
 
 
 9
 Finally, we conclude that the district court did not abuse its discretion by denying Slone's motion for a physical examination as Slone failed to show good cause for an examination. See Fed.R.Civ.P. 35.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ellsworth A. Van Graafeiland, Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation