**Michael JONES, Plaintiff–Appellant,**

**v.**

**Bill MARTIN, Director, MDOC, et al., Defendants–Appellees.**

No. 00–1522.

United States Court of Appeals,
Sixth Circuit.

Feb. 28, 2001.

Before JONES, BATCHELDER, and CLAY, Circuit Judges.

*ORDER*

Michael Jones, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1983 and 1985(3). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Jones sued numerous prison officials in their individual and official capacities. Jones asserted that: 1) the defendants violated his Eighth Amendment rights by not providing him with adequate medical care; and 2) the defendants conspired to cover up their wrongdoing. The district court conducted an initial screening of the complaint and dismissed several defendants (Martin, McGinnis, Smith, Stegall, Jones, and Gunter) because the allegations against them were frivolous. After fur-

ther proceedings, a magistrate judge recommended granting a motion for summary judgment brought by four defendants (Spraggins, Branyan, Clark, and Epps) and dismissing the complaint as to the remaining defendants. The district court adopted the magistrate judge's recommendation upon de novo review and over Jones's objections.

In his timely appeal, Jones reasserts his first claim. He moves for oral argument, for the appointment of counsel, and for miscellaneous relief.

■ Initially, we note that Jones does not reassert his second claim, and he does not reiterate his allegations against Martin, McGinnis, Smith, Stegall, Jones, and Gunter. Issues raised in the district court, but not on appeal are considered abandoned and are not reviewable. *Kocsis v. Multi–Care Mgmt.,* 97 F.3d 876, 881 (6th Cir.1996); *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991). Thus, these claims will not be reviewed.

■ Upon de novo review, we conclude that the district court properly granted summary judgment to the defendants for the reasons stated in its opinion. *See* Fed. R.Civ.P. 56(c); *Harrow Prods., Inc. v. Liberty Mut. Ins. Co.,* 64 F.3d 1015, 1019 (6th Cir.1995). Over the past few years, Jones has received extensive medical attention and treatment for a badly decayed tooth and the chronic pain which may have resulted from the restoration of the tooth. The defendants have not unnecessarily or wantonly inflicted pain in the process, *see Knop v. Johnson,* 977 F.2d 996, 1012 (6th Cir.1992) (citations omitted), nor have they intentionally denied or delayed access to medical care. *See Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Jones has no right to a particular type of treatment or to medications which have been minimally effective.

While Jones has unfortunately experienced little pain relief, he has failed to establish a constitutional violation even to his allegation that the defendants prescribed a drug to which he is allergic. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5·(6th Cir.1976).

Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.