[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-1664

SYDNEY BRADSHAW,

Plaintiff, Appellant,

v.

CORRECTIONAL MEDICAL SERVICES, INC., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, U.S. District Judge]

Before

Selya, Boudin and Lynch,
Circuit Judges.

Sydney Bradshaw on brief pro se.

April 12, 2001

**Per Curiam**.  Sydney Bradshaw appeals a district court judgment dismissing his complaint for failure to state a claim on which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).  We review such a dismissal de novo.  See Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 806 (10th Cir. 1999).

Upon review of Bradshaw's brief and the record on appeal, we conclude that his claims of the defendants' allegedly inadequate response to his medical needs do not rise to the level of a deliberate indifference to serious medical needs so as to constitute a violation of the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976) (setting forth standard).  At most, Bradshaw's dispute is over the adequacy of his medical treatment.  He prefers the treatment regimen which he claims was ordered by a doctor at the facility where he was previously incarcerated.  But, "[t]he right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice."  Layne v. Vinzant, 657 F.2d 468, 473 (1st Cir. 1981).  "'[W]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second

guess medical judgments and to constitutionalize claims which sound in state tort law.'" Id. at 474 (quoting Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

The judgment of the district court is affirmed.