**Eric Anthony DAVIS, Plaintiff–Appellant,**

v.

**Bill ADAMS, Defendant–Appellee.**

No. 03–6221.

United States Court of Appeals, Sixth Circuit.

April 15, 2004.

Eric Anthony Davis, Franklin, KY, pro se.

Stacey A. Blankenship, Denton & Keuler, Paducah, KY, for Defendant–Appellee.

Before GUY, GILMAN, and COOK, Circuit Judges.

*ORDER*

Eric Anthony Davis, a former Kentucky pretrial detainee, appeals the district court order granting summary judgment to the defendant in this case filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Davis sued the McCracken County, Kentucky Jailer Clifford Gill, Deputy Jailer Bill Adams, and the jail's doctor John T. Cecil. Davis alleged that: (1) he was denied medication he needed to treat his chronic pain; (2) Adams refused to take him to the hospital; (3) the defendants ignored his grievances; and (4) he had inadequate access to the jail's law library and the courts. Davis sued the defendants in their official capacities. The district court granted Davis in forma pauperis status, screened the complaint, and dismissed the complaint against all the defendants except Adams. After a period of discovery, Adams moved for summary judgment. The magistrate judge recommended granting summary judgment to Adams. The magistrate judge concluded that Davis had not shown that the McCracken County Jail had a custom or policy of deliberate indifference to prisoners' serious medical needs, and that Adams's conduct did not amount to a constitutional violation in any event. The district court found that Davis had not filed any objections, adopted the magistrate judge's report and recommendation, and dismissed the case.

On appeal, Davis argues that he did make a strong objection to the magistrate judge's report and recommendation. He also requests in forma pauperis status on appeal.

Initially we note that, contrary to the district court's finding, Davis did file objections to the magistrate judge's report and recommendation. Accordingly, he preserved his claim against Adams for appellate review. We also note that Davis does not argue that the district court erred by dismissing the other defendants from the lawsuit. Davis has thus waived those claims. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996).

We review an order granting summary judgment de novo. *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we conclude that the district court properly granted summary judgment to Adams. Davis entered the McCracken County Jail on July 5, 2001. From July 2001 to October 2001, jail medical records indicate that Davis received the following medications: Neurontin for spasms, Celexa and Trazadone for depression, and a Fentanyl patch every seventy-two hours for pain. On October 16, 2001, Davis complained of chest pain and Adams took him to the emergency room. The treating physician determined that Davis had suffered some sort of muscle spasm and discharged him without treatment or additional medication. Adams refused to take Davis to the emergency room the next time he complained of spasms. In January 2002, Davis asked to speak to Dr. Cecil about his prescription for Fentanyl. Dr. Cecil reviewed Davis's medical history from the jail and from his treatment at the Veterans Administration. Dr. Cecil concluded that Davis was addicted to opiate pain relievers and directed prison staff to gradually reduce the amount of Fentanyl that Davis received.

Davis did not present significant probative evidence that Adams displayed deliberate indifference to a serious medical need. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976);

*Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir.1994). Because a doctor determined that Davis did not require medical care for the spasms he suffered on October 16, 2001, Adams would have been justified in refusing to take Davis to the emergency room for a similar complaint. Moreover, Davis did not provide any medical evidence that he suffered any detrimental effect from this event. *See Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir.2001). Finally, Adams was not responsible for deciding what medications Davis should receive. Dr. Cecil made those decisions based upon his examination of Davis and a review of Davis's medical history. Davis's disagreement with Dr. Cecil over his prescriptions would not support a constitutional claim against Dr. Cecil, much less a claim against Adams. *See Estelle*, 429 U.S. at 104–06; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976).

Because Davis's proof was insufficient to show a constitutional violation, it was also insufficient to hold Adams liable in his official capacity. Davis failed to show that the jail tolerated deliberate indifference to inmates' medical needs, and failed to show even one instance of a violation of an inmate's constitutional rights. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Accordingly, Adams was entitled to summary judgment on Davis's official capacity claim against him.

For the foregoing reasons, we grant the motion for in forma pauperis status for the limited purpose of deciding this appeal and affirm the district court's decision to grant summary judgment to Adams. Rule 34(j)(2)(C), Rules of the Sixth Circuit.