548

**Donald Ray JENNINGS,**
**Plaintiff–Appellant,**

v.

**Ahmad S. AL–DABAGH, M.D.,**
**Defendant–Appellee.**

**No. 03–2046.**

United States Court of Appeals,
Sixth Circuit.

April 29, 2004.

Donald Ray Jennings, Kincheloe, MI, pro se.

Ronald W. Chapman, Kimberley A. Koester, Chapman & Associates, Bloomfield Hills, MI, for Defendant–Appellee.

Before: COLE and COOK, Circuit Judges; SPIEGEL, District Judge.[*]

## ORDER

Donald Ray Jennings, a Michigan prisoner proceeding pro se, moves for counsel and appeals the summary judgment for the defendant in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Jennings is currently a prisoner confined at the Kinross Correctional Facility in Kincheloe, Michigan. The incident giving rise to this lawsuit took place while Jennings was incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. Jennings filed this civil rights action against a prison doctor (Ahmad S. Al-Dabagh) alleging a violation of the Eighth Amendment on the basis that the defendant was deliberately indifferent to his serious medical needs. The entire statement of facts underlying his claim for relief is as follows:

On 11–24–00 I sent a kite to Medical to get Toenail Fungus treated, for my foot has burning, intching [sic] and cracks that bleed every now and then. R.N. G. Green # 35057 made an appointment for the M.D. on 12–1–00 and 12–7–00. R.N. J. Weippert # 10540 was told by me that my foot is bad and needs to be taken care of, Dr. Aldabagh acknowledged my toenail fungus and refused to treat. This was on 12–7–00. On 1–2–01

R.N. D. Doerr # 10542 was told about my foot needing attention. 1–2–01 Dr. Aldbagh [sic] still refused to treat even after I told him it burn's, [sic] itches, and skin cracks between my toes and bleeds O.T.C. does not work in here.

Summary judgment was ultimately granted in favor of the defendant. Jennings's motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) and 60(b), and his motion to stay the judgment pending appeal were denied in an order filed October 9, 2003. This appeal followed.

We review an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we conclude that the district court properly granted summary judgment to the defendant for the reasons stated by that court. In order to establish an inadequate medical care claim in violation of the Eighth Amendment, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. *Farmer*, 511 U.S. at 835–36. Consequently, allegations

[*] The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. *Estelle,* 429 U.S. at 106. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976). In order to show a constitutional violation based on an alleged delay in treatment, the prisoner must place verifying medical evidence in the record establishing the detrimental effect of the delay. *Napier v. Madison County, Ky.,* 238 F.3d 739, 742 (6th Cir.2001) (affirming grant of summary judgment to the defendants).

■■■ Although Jennings claimed that his constitutional rights were violated when the defendant refused to properly treat his foot infection, Jennings failed to come forward with any evidence that the failure to treat this infection could have lead to severe consequences, such as a systemic infection, amputation of a limb, or even death. *See Napier,* 238 F.3d at 742. Therefore, any delay in treating Jennings's infection did not amount to the deprivation of treatment for a "serious" medical condition within the meaning of the Eighth Amendment. Moreover, there is no evidence suggesting that the defendant at any time deliberately ignored Jennings's medical needs with the intent to inflict pain or prolong any suffering. *See Farmer,* 511 U.S. at 837–47. The medical care Jennings received from the defendant constituted at worst substandard medical care, not deliberate indifference to Jennings's serious medical needs. Jennings's personal opinion that his care was substandard, or that he was not given the treatment he requested because of the costs associated with the treatment, raises

claims of state-law medical malpractice, not constitutionally defective medical care indifferent to Jennings's serious medical needs. *See Westlake,* 537 F.2d at 860–61.

Accordingly, the motion for counsel is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.