76 F.3d 378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard ALLEN, Plaintiff-Appellant,
v.
Dr. Harwell DABBS; Officer Henry Patterson; Officer James
Millsaps; Officer Duane Hill, Defendants-Appellees.
 No. 95-5125.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1996.
 
 1
 Before: MARTIN and RYAN, Circuit Judges, and KATZ, District Judge.*
 
 ORDER
 
 2
 Richard Allen, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Allen sued three corrections officers and one doctor employed at the Hamilton County Justice Building, alleging that the defendants were deliberately indifferent to his serious medical needs when they ignored his requests for medical attention. Although the defendants filed a motion for summary judgment, Allen did not file a response. Upon review of the defendants' motion, the district court granted judgment in favor of the defendants.
 
 
 4
 Allen has filed a timely appeal, reasserting his same claim. He also argues that the time to respond to the defendants' motion for summary judgment had expired by the time he received the motion.
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants. See Fed.R.Civ.P. 56(c); City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994). Allen did not establish that the defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).
 
 
 6
 The record reflects that two days after Allen complained of a possible stomach virus, a nurse examined him and treated him with prescription drugs for his symptoms. The following day, the jail physician examined and treated him. Thereafter, when his condition worsened, he was transported to a hospital. Under these circumstances, it cannot be said that the defendants were deliberately indifferent to Allen's medical needs. The prison staff's failure to diagnose Allen's diabetes does not, without more, state a violation of the Eighth Amendment. At most, Allen's complaint amounts to a claim of negligence and does not entitle him to relief. See Hicks v. Frey, 992 F.2d 1450, 1455 (6th Cir.1993). A mere dispute over the adequacy of treatment does not state a claim. Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976).
 
 
 7
 Accordingly we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation