82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Karen McCRACKEN, Plaintiff-Appellant,
v.
COSHOCTON COUNTY; David Corbett, Sheriff, Defendants-Appellees.
 No. 95-4029.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 1
 Before: MERRITT, Chief Judge; MILBURN, Circuit Judge, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Karen McCracken, through counsel, appeals a district court order granting summary judgment in favor of the defendants in this civil rights suit filed under 42 U.S.C. § 1983. The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking injunctive and monetary relief, McCracken sued Coshocton County, Ohio, and the sheriff of the Coshocton County Jail in his individual and official capacities. McCracken claimed that these defendants denied her due process under the Fifth and Fourteenth Amendments, and subjected her to cruel and unusual punishment in violation of her Eighth Amendment rights, when they delayed medical treatment during her incarceration at the Coshocton County Jail in February of 1993. Upon consideration of the defendants' motion for summary judgment, the district court granted the motion and dismissed the complaint. On appeal, McCracken reasserts her claims presented in the district court.
 
 
 4
 On appeal, this court reviews a grant of summary judgment de novo. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 This court concludes that the defendants met their burden of establishing an absence of evidence to support McCracken's claim. Celotex Corp., 477 U.S. at 323. Prison authorities may be sued for deliberate indifference to a serious medical need if the officials intentionally deny or delay access to medical care or intentionally interfere with the treatment or care that has been prescribed. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). The officials' conduct or lack of conduct must demonstrate a knowing indifference to serious medical needs. See, e.g., Hicks v. Frey, 992 F.2d 1450, 1454-57 (6th Cir.1993).
 
 
 6
 The evidence does not show that the defendants were deliberately indifferent to McCracken's medical needs. When McCracken was booked into the county jail, the officials received McCracken's medication and meticulously delivered the proper medication to her, at the proper times, for her Crohn's disease. When McCracken complained to the prison guards that she was dizzy, dehydrated and in pain due to her disease, the deputy on duty at the jail promptly transported her to the Coshocton Hospital emergency room for an evaluation. When McCracken did not agree with the diagnosis and treatment prescribed by the physician at Coshocton Hospital, McCracken was permitted to contact her mother, who called McCracken's regular doctor. Thereafter, it was arranged for McCracken to receive I.V. treatments at Bethesda Hospital in Zanesville, Ohio.
 
 
 7
 There is no merit to McCracken's principal complaint, that the prison officials purposely denied her the I.V. treatments at Bethesda until after a scheduled court appearance. The defendants responded, within a reasonable amount of time, to McCracken's complaints and to her request for specific medical treatment. The difference of opinion between McCracken and the first physician who examined her, or between McCracken and the prison officials regarding her proper diagnosis and treatment, does not support an Eighth Amendment claim. Estelle, 429 U.S. at 107; Westlake v. Lucas, 537 F.2d 857, 860-61 (6th Cir.1976). Thus, the district court properly granted summary judgment in favor of the defendants.
 
 
 8
 Accordingly, the district court's order granting the defendants' motion for summary judgment is affirmed.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation