**Arthur Lee BRIGHT, Plaintiff–Appellant,**

v.

**Bill MARTIN, et al., Defendants–Appellees.**

No. 01–2421.

United States Court of Appeals, Sixth Circuit.

April 29, 2002.

Before DAUGHTREY and MOORE, Circuit Judges; ECONOMUS, District Judge.*

### ORDER

Arthur Lee Bright, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and declaratory relief, Bright sued Michigan Department of Corrections (MDOC) Director Bill Martin; Physician's Assistant Lillian; Dr. Franklin Messany; Corrections Officers Lewis, Baldwin, Church, and Floyd; Warden Frank Elo; Resident Unit Manager Spangler; and "John Doe." Bright alleged that: (1) Dr. Messany and Lillian intentionally subjected him to an unreasonable risk of physical harm by failing to properly diagnose and reveal his liver infection and treating him with toxic medications; and (2) the remaining defendants conspired to retaliate against him for seeking administrative and judicial grievances. Bright named the defendants in their individual and official capacities. Lillian, Elo, and Floyd were not served. Dr. Messany filed a motion to dismiss, and the remaining defendants filed a motion to dismiss or for summary judgment. The magistrate judge recommended granting the motions. The district court adopted the magistrate judge's report and recommendation over Bright's objections and dismissed the case.

In his timely appeal, Bright argues that: (1) the magistrate judge made erroneous factual findings and the district court failed to make independent factual findings; and (2) there are material issues of fact as to whether the defendants were deliberately indifferent to Bright's serious medical needs.

Initially, we note that Bright does not argue that the district court erred by dismissing his claim that the defendants conspired to retaliate against him. Issues raised in district court but not on appeal are considered abandoned and not reviewable on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996). Moreover, defendant Lillian, the only defendant other than Dr. Messany implicated in Bright's deliberate indifference claim, was not served. Accordingly, only Bright's Eighth Amend-

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

ment claim against Dr. Messany is properly before the court.

We also note that, although Dr. Messany moved to dismiss Bright's complaint under Fed.R.Civ.P. 12(b)(6), the district court granted the MDOC defendants and Dr. Messany summary judgment under Fed. R.Civ.P. 56. When a court considers matters outside the pleadings when ruling on a motion to dismiss, the motion is treated as one for summary judgment. *See* Fed. R.Civ.P. 12(b). Bright responded to the MDOC defendants' and Dr. Messany's motions by filing an affidavit and copies of medical records. Accordingly, we review the district court's decision under the summary judgment standard.

Upon de novo review, we conclude that the district court properly granted summary judgment to Dr. Messany. *See Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Bright alleged that, when he obtained his medical records in December of 1999, he discovered that his liver enzymes had been elevated since the 1980s. He also learned that he had been treated with prescription and non-prescription drugs that he believed were contraindicated for someone with liver disease. According to Bright, Dr. Messany and others knew that Bright was ill, failed to disclose this to him, and gave him drugs that worsened his condition.

Bright failed to support his claims. Bright's affidavit merely repeated the allegations from his complaint, and the medical records he submitted do not show what he claims they do. In sum, it is clear that Bright received medical treatment for many years while incarcerated and has now concluded that he has a liver condition which Dr. Messany did not treat properly. Accepting Bright's allegations as true, they amount to a medical malpractice claim and not an Eighth Amendment claim. *See Estelle v. Gamble*, 429 U.S. 97, 104–06, 97 S.Ct. 285, 50 L.Ed.2d 251

(1976); *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976). Moreover, Bright did not place verifying medical evidence in the record that established any detrimental effect resulting from the delay in treatment of his liver condition. *See Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir.2001). Accordingly, Dr. Messany was entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

Bright's arguments on appeal are without merit. Although the magistrate judge may have mis-characterized Bright's complaint, any error was harmless. *See* Fed. R.Civ.P. 61. Bright's allegations amounted to only a difference of opinion over his medical care and do not support an Eighth Amendment claim. *See Estelle*, 429 U.S. at 107; *Westlake*, 537 F.2d at 860 n. 5.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.