**Lenwood C. WRIGHT, Plaintiff–Appellant,**

v.

**ANTONINI, Dr., et al., Defendants–Appellees.**

No. 02–1068.

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2002.

Before: SUHRHEINRICH and BATCHELDER, Circuit Judges; LITTLE, District Judge.*

*ORDER*

Lenwood C. Wright, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Wright sued several Michigan prison officials (Antonini, Ahmed, Butler, Potter, Straub, Palmer. and Epp) in their individ-

ual and official capacities. Wright, who suffers from osteoarthritis, asserted that the defendants exhibited deliberate indifference to his serious medical needs by denying him medical equipment and pain medication. The district court sua sponte dismissed the complaint for failure to state a claim, reasoning that Wright merely disagreed with the medical treatment provided. *See* 28 U.S.C. § 1915(e)(2).

In his timely appeal, Wright reasserts his claims and also argues that prison officials violated prison policy.

We decline to review Wright's new claim on appeal that the defendants violated prison policy. Unless exceptional circumstances are present, this court normally will not address an issue not first raised in the district court. *Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 261 (6th Cir.1996). No exceptional circumstances are present in this case.

Upon de novo review, we conclude that the district court's judgment must be affirmed for the reasons stated by the district court. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). The prison has not been deliberately indifferent to Wright's serious medical needs in violation of the Eighth Amendment, but has provided Wright with considerable medical treatment. *Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976).

---

* The Honorable F.A. Little, Jr., United States District Judge for the Western District of Louisiana, sitting by designation.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.