**Melvin X. THOMAS, Plaintiff–Appellant,**

v.

**Sandra BLAKELY; et al., Defendants–Appellees.**

**No. 02–1446.**

United States Court of Appeals, Sixth Circuit.

Oct. 22, 2002.

Before BATCHELDER and COLE, Circuit Judges; GRAHAM, District Judge.*

Melvin X. Thomas appeals a district court judgment that dismissed his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Thomas filed his complaint in the district court alleging that he suffered an adverse reaction after he took medication that he assumed was a generic equivalent to medication (Pericolase) he normally is provided daily, and that defendants retaliated against him after he filed grievances

---

\* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

about the matter. Plaintiff named as defendants six prison nurses in their individual and official capacities and sought declaratory and injunctive relief and compensatory and punitive damages. The magistrate judge recommended that the complaint be dismissed for failure to state a claim upon which relief can be granted, and plaintiff filed objections. The district court adopted the magistrate judge's recommendation and dismissed the complaint. Plaintiff filed a timely notice of appeal.

Upon de novo review, *see McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), we will affirm the judgment for the reasons stated in the magistrate judge's report and recommendation filed October 31, 2001, and adopted by the district court in its opinion and order filed February 22, 2002. Essentially, plaintiff did not allege a cognizable Eighth Amendment claim. *See Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976). Plaintiff's retaliation claim similarly is unavailing. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc).

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.