James Rocky WRIGHT, Plaintiff–
Appellant,

v.

Doug SAPP, Commissioner, Commonwealth of Kentucky; John Ferguson, Pres. CEO, Corrections Corporation of America; David Gilpin, Warden, Lee Adjustment Center, Defendants,

Betsy Caudill, Director, Lee Adjustment Center, Medical Department; Dr. Taulbee, M.D., Lee Adjustment Center, Medical Director; Patrick J. Serey, Dr., In his individual and official capacities, Defendants–Appellees.

No. 02–5982.

United States Court of Appeals,
Sixth Circuit.

March 17, 2003.

Before NELSON, COLE, and GILMAN, Circuit Judges.

### ORDER

James Rocky Wright, a Kentucky prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 27, 2000, Wright filed a complaint against Doug Sapp, Commissioner of the Kentucky Department of Corrections; John Ferguson, President and CEO of Corrections Corporation of America ("CCA"); David Gilpin, Warden of the Lee Adjustment Center ("LAC"); Betsy Caudill, R.N., Health Services Administrator of the LAC Medical Department; and Dr. Taulbee, a physician employed at the LAC. Wright alleged that since July 25, 2000, he has been incarcerated at the LAC, a Kentucky prison that is privately owned and operated by the CCA. Wright alleged that he suffers from an inguinal hernia and a detached left bicep as a result of injuries that he sustained prior to his incarceration. Wright also alleged that during a two and one-half month period of time during his incarceration at the LAC, he suffered severe right shoulder pain. Relying upon the Eighth Amendment, Wright alleged that the defendants refused to treat his medical conditions and denied him proper medical care. Wright sought declaratory, injunctive, and monetary relief.

Wright was subsequently granted leave to amend his complaint to add a claim against Dr. Patrick J. Serey, an orthopedic surgeon. Wright alleged that Taulbee referred him to Serey for an evaluation of his bicep injury. Again relying upon the Eighth Amendment, Wright alleged that Serey failed to adequately treat his condition because Serey concluded that orthopedic intervention was not warranted. Wright sought additional monetary relief. He is no longer incarcerated at the LAC.

In an order filed on January 3, 2001, the district court dismissed Wright's claims against Sapp, Ferguson, and Gilpin. The remaining defendants filed motions for summary judgment, to which Wright responded. Wright apparently filed his own motion for summary judgment, but it was never received or filed by the district court. Caudill and Taulbee filed responses to Wright's motion.

Construing one of Wright's responses to the defendants' motions for summary judgment as Wright's unfiled motion for summary judgment, a magistrate judge filed a report in which he recommended that the defendants' motions be granted and Wright's motion be denied. Over Wright's objections, the district court accepted and adopted the magistrate judge's report and recommendation and dismissed the case. Wright has filed a timely appeal.

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

The Eighth Amendment prohibits any punishment which violates civilized stan-

dards of decency or "involve[s] the unnecessary and wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 102–03, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Gregg v. Georgia,* 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976)). An Eighth Amendment claim contains both an objective and a subjective component. *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *see also Hudson v. McMillian,* 503 U.S. 1, 8–9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Wilson,* 501 U.S. at 298–99. Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. *Id.* at 835–36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. *Estelle,* 429 U.S. at 106.

Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants, as Wright failed to allege facts that, if proven, would rise to the level of the serious deprivation and deliberate indifference required to support an Eighth Amendment claim. Wright demonstrated neither that he was denied medically necessary treatment nor that the defendants were deliberately indifferent to his serious medical needs. Instead, Wright's assertions, at most, alleged negligence and his disagreement with the medical treatment that he received during his incarceration at the LAC, which are insufficient to support an Eighth Amendment claim. *See id.* "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

We further conclude that the district court did not abuse its discretion in denying Wright's motions for appointment of counsel, *see Lavado v. Keohane,* 992 F.2d 601, 604–06 (6th Cir.1993), and in construing one of his responses to the defendants' motions for summary judgment as his unfiled motion for summary judgment.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.