Lawrence E. WILSON, Plaintiff–Appellant,

v.

Reginald WILKINSON; Paul Gaston, Dental Director; Robert Hurt, Warden; Jacinto Beard, Defendants–Appellees.

No. 02–4068.

United States Court of Appeals, Sixth Circuit.

April 1, 2003.

Before: BATCHELDER and ROGERS, Circuit Judges; and BARZILAY, Judge.*

### ORDER

Lawrence E. Wilson, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The magistrate judge's thorough and well-reasoned report and recommendation sets forth the facts in detail. Suffice it to say that Wilson is an inmate in Southeastern Correction Institution ("SCI") and brings this action under the Eighth and Fourteenth Amendments to the United States Constitution for denial of dental care. Specifically, he alleges that he was denied adequate dental treatment for broken teeth, inflamed bleeding gums, sore gums, loose teeth, deep carious lesions, malocclusion, and periodontal disease in violation of his Eighth Amendment rights. He names as defendants Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"); Paul Gaston, Medical Services Dental Director of ODRC; Robert Hurt, Warden of SCI; and Dr. Jacinto Beard, a Contract Dentist for SCI. The defendants moved for summary judgment, and the magistrate judge recommended granting the motion. Upon de novo review and in light of Wilson's objections, the district court accepted the recommendation, and granted summary judgment to the defendants. This appeal followed.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). We review de novo a grant of summary judgment. *Brooks v. American Broad. Cos.*, 999 F.2d 167, 174 (6th Cir.1993).

Upon review, we conclude that the defendants were entitled to judgment as a

* The Honorable Judith M. Barzilay, United States Court of International Trade, sitting by designation.

matter of law on Wilson's Eighth Amendment claim. In order to prevail on this claim, Wilson must establish that the defendants were deliberately indifferent to his serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, the Constitution does not prohibit medical malpractice. *Estelle,* 429 U.S. at 104. A difference in opinion between a prisoner and the medical staff about treatment does not state a cause of action. *Id.* at 107. Federal courts are reluctant to second guess medical judgments where a prisoner has received some medical attention and the dispute concerns the adequacy of that treatment. *See Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

The record in this case is undisputed that, from April 1999 through January 2001, Wilson underwent either examination or treatment by a dentist at SCI on at least nine occasions. Defendant Beard, the only dentist named as a defendant, apparently examined or treated Wilson on seven occasions. Moreover, Dr. Beard has expressed his professional opinion that there is "no medical evidence to substantiate Wilson's claims that his symptoms are urgent or life threatening in nature. Rather, Wilson's symptoms can be remedied through preventive and corrective treatment." Although it is also clear that there was no dentist at SCI at different periods of time, it cannot be said that Wilson thereby suffered deliberate indifference to a serious medical need. Moreover, the delay in treatment promised in response to Wilson's November 1999 informal complaint was not deliberate on the part of any defendant. Indeed, that delay is perhaps more appropriately attributed to Wilson's improper resort to the prison grievance procedures. Finally, to the extent that Wilson complains of the adequacy of the treatment provided him, such claims amount to no more than dental malpractice which does not give rise to a constitutional violation. *See Estelle,* 429 U.S. at 106; *Westlake,* 537 F.2d at 860 n. 5.

The remaining arguments on appeal are patently without merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.