**Arthur REID, Plaintiff–Appellant,**

v.

**Douglas SAPP; et al., Defendants,**

**Dr. Richard Kimbler; Dr. Doug Crall, Defendants–Appellees.**

No. 03–5340.

United States Court of Appeals, Sixth Circuit.

Dec. 5, 2003.

Arthur Reid, pro se, Louisville, KY, for Plaintiff–Appellant.

John T. Damron, Office of General Counsel, Frankfort, KY, for Defendant–Appellee.

*ORDER*

Arthur Reid, a Kentucky prisoner proceeding pro se, appeals the district court order dismissing his complaint brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Reid sued Commissioner of the Kentucky Department of Corrections (KDOC) Doug Sapp; KDOC Medical Director Dr. Richard Kimbler; Luther Luckett Correctional Complex Medical Director Dr. Doug Crall; and six other defendants. Reid alleged that the defendants violated his rights under the Eighth Amendment when they displayed deliberate indifference to his knee injury. After the district court dismissed the other defendants, the case proceeded against defendants Dr. Kimbler and Dr. Crall. The parties conducted discovery and the defendants moved for summary judgment. The district court granted the motion, holding that Dr. Crall did not have the authority to order the surgery Reid wanted and that Dr. Kimbler's decision not to authorize the surgery did not amount to deliberate indifference.

On appeal, Reid argues that the district court erred because: (1) an outside doctor opined that surgery was the only option if physical therapy did not work; (2) he completed a twelve week program of physical therapy; (3) Dr. Kimbler denied the surgery even though physical therapy did not help; (4) Dr. Crall and his staff delayed sending important papers and missed appointments; (5) he endured pain and suffering due to Dr. Kimbler and Dr. Crall denying his surgery; and (6) his knee freezes, locks up, and gives way even with a hinged knee brace. Reid also requests the appointment of counsel on appeal.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we conclude that the district court properly granted summary judgment to Dr. Kimbler and Dr. Crall. The essential facts are not in dispute. Reid entered prison in 1998 with a history of injuries to his left knee. He re-injured his knee in February 1999, and Dr. Crall examined him in March of that year. When Reid continued to complain of pain, Dr. Crall referred him to Dr. Jacob, an outside orthopedic specialist. Dr. Jacob diagnosed a torn medial meniscus and a possibly disrupted anterior cruciate ligament (ACL). He performed arthroscopic surgery and recommended physical therapy. Reid had more trouble with his knee in 2000. Dr. Crall examined Reid and referred him back to Dr. Jacob. Before he saw Dr. Jacob, however, Reid "blew out" his knee while pushing a wheelbarrow. Dr. Jacob recommended surgery on Reid's ACL. He testified in deposition that he considered surgery the only alternative because more conservative treatment had not worked, and that without surgery, Reid could suffer early arthritic changes and an increased risk of needing total knee replacement. Dr. Crall relayed Dr. Jacob's recommendation to Dr. Kimbler. Dr. Kimbler declined to authorize surgery and directed that Reid enter physical therapy. Dr. Kimbler testified that he did not con-

sider surgery the only option, and took a more conservative approach because of Reid's prior surgeries and his spotty participation in physical therapy.

■ The defendants established an absence of evidence to support Reid's case, and Reid failed to present significant probative evidence to defeat the defendants' motion for summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The district court properly concluded that Dr. Crall could not be held liable to Reid because Dr. Crall lacked the authority to approve or deny surgery. Reid presented nothing in the district court or on appeal to dispute this fact. Moreover, although Reid continues to complain that Dr. Crall caused delays in his treatment, Reid did not place any medical evidence in the record establishing a detrimental effect of the delay. *See Napier v. Madison County, Ky.,* 238 F.3d 739, 742 (6th Cir.2001). Accordingly, Dr. Crall was entitled to a judgment as a matter of law.

■ The district court also properly concluded that Dr. Kimbler was entitled to summary judgment. After reviewing Reid's medical history and course of treatment, including Dr. Jacob's opinion, Dr. Kimbler determined that surgery was not the best alternative. This difference in medical opinion does not give rise to an Eighth Amendment claim of cruel and unusual punishment. *See Estelle v. Gamble,* 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976). Moreover, even if Dr. Kimbler's decision could be considered negligent, negligence does not support an Eighth Amendment claim. *Estelle,* 429 U.S. at 104–06. Finally, Reid did not submit medical evidence that Dr. Kimbler's decision caused Reid any detrimental effect by the time he filed his complaint. *See Napier,* 238 F.3d at 742.

There were no material facts in issue, and the defendants were entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). For the foregoing reasons, we deny the motion for counsel and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.