Larry **CANADY, Plaintiff–Appellant,**

v.

Reginald **WILKINSON, Director, et al., Defendants–Appellees.**

No. 03–3745.

United States Court of Appeals, Sixth Circuit.

Feb. 2, 2004.

Larry Canady, Lebanon, OH, pro se.

John H. Jones, Asst. Atty. General, Office of the Attorney General, Columbus, OH, for Defendant–Appellee.

Before MERRITT and SUTTON, Circuit Judges; and FEIKENS, District Judge.*

_____

* The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

*ORDER*

Larry Canady, an Ohio prisoner incarcerated at the Lebanon Correctional Institute, appeals the district court order granting summary judgment to the defendants in this civil rights action brought pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and declaratory relief, Canady sued Director of the Ohio Department of Rehabilitation and Correction Reginald Wilkinson; Warden Harry Russell; Nicholas Menedis; John Arbogast; Jimmy R. Newton; David D. Gardener; Richard Brown; Janet Marx; Dr. Siehl; Nurse Judith Golinski; and Office Assistant Debbie Harmon. Canady alleged that the defendants violated his rights under the Eighth Amendment when they caused him to miss treatments for his eye condition and delayed and denied prescriptions for his condition. The district court granted Canady in forma pauperis status, screened the complaint, and dismissed the case against all but defendants Siehl, Golinski, and Harmon for failure to state a claim. The remaining defendants moved for summary judgment. The district court granted summary judgment to Siehl, but denied summary judgment to Golinski and Harmon. Canady moved for summary judgment. Golinski and Harmon filed a response and again moved for summary judgment. The district court denied Canady's motion and granted the defendants' motion. The court held that Canady had presented insufficient evidence to support a claim that Golinski and Harmon were deliberately indifferent to his serious medi-

cal needs, and that Canady did not present any medical proof that he was harmed by any delay in treatment.

On appeal, Canady argues that the medical records presented genuine issues of material fact.

We review an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we conclude that the district court properly granted summary judgment to the defendants. Canady suffers from glaucoma and related eye problems. He was examined at Ohio State University (OSU) on September 14, 1995, and scheduled to return on September 28, 1995, for a procedure. By October 19, 1995, Canady had not been returned to OSU. He complained to Harmon that his eye was draining and in pain and that she had failed to arrange for him to go to the OSU clinic. Canady returned to the clinic on October 25, 1995. He alleged that he was told that his condition had worsened and now required major surgery. Canady was directed to return in two weeks, but was not returned for surgery until December 18, 1995. He claimed that the delay caused his surgery to be more extensive. Canady also claimed that he did not have enough follow-up appointments. Finally, Canady alleged that, on several occasions in 1996 and 1997, Harmon and Golinski failed to ensure that he received his prescription medication.

Prison authorities may be sued for deliberate indifference to the serious medical needs of prisoners under the Eighth Amendment because such indifference con-

stitutes the unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir.1994). Allegations of medical malpractice or negligent treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. *Estelle*, 429 U.S. at 104–06, 97 S.Ct. 285; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976). In order to show a constitutional violation based on an alleged delay in treatment, the prisoner must place verifying medical evidence in the record establishing the detrimental effect of the delay. *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

Harmon and Golinski were entitled to summary judgment on Canady's Eighth Amendment claim. The defendants' evidence established that Harmon was not responsible for canceling or rescheduling Canady's appointments or for responding to prisoners' medical concerns. Golinski inadvertently delayed Canady's prescription medication, but the matter was cleared up quickly. Any gaps in Canady's care were at most negligence and did not support an Eighth Amendment claim of cruel and unusual punishment. *See Estelle*, 429 U.S. at 104–06, 97 S.Ct. 285; *Westlake*, 537 F.2d at 860 n. 5. Moreover, affidavits from physicians established that Canady was not harmed by any delays in treatment, and Canady did not place any verifying medical evidence in the record that showed a detrimental effect. *See Napier*, 238 F.3d at 742. Faced with the defendants' well-supported motion for summary judgment, Canady failed to come forward with any significant, probative evidence that either Harmon or Golinski was deliberately indifferent to his medical needs. *See Estelle*, 429 U.S. at 104, 97 S.Ct. 285; *Horn*, 22 F.3d at 660.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.