

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-10-2009

# Jamal Barr v. Julie Knauer

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3660

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Jamal Barr v. Julie Knauer" (2009). *2009 Decisions.* Paper 1552.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1552

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DLD-120**                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3660

JAMAL BARR,
Appellant

v.

JULIE KNAUER; DAVID DIGUGLIELMO;
DR. FELIPE ARIAS; SHARON BURKE; FRANK MASINO;
GIA FREEMAN; MR. SGT. CURRANT

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-02888)
District Judge:  Honorable Mary A. McLaughlin

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 5, 2009

Before:  BARRY, AMBRO and SMITH, Circuit Judges

(Opinion filed: April 10, 2009)

OPINION

PER CURIAM

Appellant, Jamal Barr, proceeding pro se, appeals from the District Court's

dismissal of his complaint. For substantially the same reasons provided by the District Court, we will summarily affirm.

On August 23, 2007, Barr, a prisoner at State Correctional Institution – Graterford, filed a complaint under 28 U.S.C. § 1983, alleging deliberate indifference to his medical condition. Barr's complaint stems from the confiscation of his electric razor on November 28, 2006 by defendant Sgt. Currant. Barr informed Sgt. Currant that he was medically approved at other correctional institutions to have the electric razor because he has a condition which he referred to as "Facial Derm." Barr requested "sick call" and was seen by two of the prison's physician assistants, who explained to Barr that he would need approval by Dr. Arias to use an electric razor. Dr. Arias refused, and Barr filed a grievance with defendant Knauer, who noted that Barr had no medical documentation regarding his need for an electric razor in his file. Barr pursued his grievance through the proper channels, but his request was denied by defendants DiGuglielmo and Burk pursuant to a correctional policy eliminating previous authorization of electric razors. Barr alleges that defendants acted with deliberate indifference because when he informed them of his medical condition, they refused to permit him use of his electric razor. He claimed that his Fourth, Eighth, and Fourteenth Amendment rights were violated and requested declaratory, injunctive, and monetary relief as well as appointment of counsel.

Defendants Arias, Masino, and Freeman moved to dismiss Barr's claims under Fed. R. Civ. P. 12(b)(6). The District Court granted defendants' motion, concluding that

2

Barr failed to state a claim upon which relief can be granted with respect to the merits of his constitutional claims. The court found that the remaining defendants did not receive proper service of Barr's complaint and separately dismissed Barr's claims against these defendants under 28 U.S.C. § 1915 (e)(2)(B)(ii). Barr appeals.

We have appellate jurisdiction over this appeal under 28 U.S.C. § 1291. We conduct de novo review of the District Court's dismissal pursuant to Rule 12(b)(b)(6). Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). We must accept as true all of the allegations contained in the complaint and draw all inferences from the facts alleged in the light most favorable to a pro se plaintiff. Id. at 229; See also Erickson v. Pardus, 551 U.S. 89; 129 S. Ct. 2197, 2200 (2007) (per curiam). Barr's complaint must "possess enough heft to show that [he] is entitled to relief." Bell Atlantic v. Twombly, 550 U.S. 544, 557 (2007). Otherwise, because Barr is proceeding in forma pauperis in this appeal, we must dismiss the appeal under 28 U.S.C. § 1915 (e)(2)(B) if it is legally frivolous.

We agree with the District Court that Barr's has not sufficiently alleged an Eighth Amendment violation. The Eighth Amendment proscribes deliberate indifference towards the serious medical needs of prisoners as it constitutes the "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97 (1976). In order to state a cognizable claim, a plaintiff must allege "(1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious." Rouse v.

3

Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle, 429 U.S. at 106).

Here, Barr alleged that he was denied approval for treating his skin condition, "Facial Derm," but did not allege any facts regarding the nature or seriousness of his ailment. He complains that he is entitled to an electric razor without stating why one is medically necessary or why, without one, he faces substantial injury. In short, he has failed to adequately allege that his "Facial Derm" constitutes a "serious medical need." Estelle, 429 U.S. at 104-106.

Nor has he adequately alleged "deliberate indifference." Barr relies exclusively on the fact that the prison doctor refused to approve an electric razor, despite previous approval, and suggests no basis for inferring that this refusal indicated that defendants had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Deliberate indifference requires that prison officials know of an excessive risk to an inmate's health or safety and disregard that risk. Id. at 837-838. Barr has not pled that defendants were aware that any substantial risk of harm would occur by depriving Barr access to an electric razor. There are no facts from which the Court may conclude that defendants knew that deprivation of an electric razor would expose Barr to "undue suffering or the threat of tangible residual injury." Id.; Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (citing Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976).) Without alleging more, Barr's Eighth Amendment claim cannot succeed.

With respect to his remaining constitutional claims, prisoners do not have a right to

privacy and freedom from unreasonable searches during incarceration.  Hudson v.

Palmer, 468 U.S. 517, 526 (1984); Doe v. Delie, 257 F.3d 309, 316 (3d Cir. 2001).  Thus,

seizure of Barr's electric razor cannot constitute a Fourth Amendment violation.  Nor

does it constitute a due process violation if a meaningful post-deprivation remedy for the

loss is available.  Hudson, 468 U.S. at 533.  We have previously held that the prison's

grievance program and internal review provide an adequate post-deprivation remedy to

satisfy due process.  Tillman v. Lebanon County Correctional, 221 F.3d 410, 422 (3d Cir.

2000).  Barr has provided no basis for concluding otherwise in his case.

As Barr's appeal presents no substantial question, we will summarily affirm.  See

3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.