NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0410n.06

No. 09-4108

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jun 24, 2011*

LEONARD GREEN, Clerk

JAMES D. LYONS,

    Plaintiff-Appellant,

v.

RN/HSA SUZANNE BRANDLY, et al.;
BRADFORD BLACK; CHARLES RAY,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
OHIO

OPINION

Before:  KEITH, MARTIN, and COOK, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge.  James D. Lyons, a convicted federal prisoner who has been released from custody, appeals a judgment in favor of various defendants in his civil rights case.  Lyons suffers from a severe urological condition.

The allegations in his *pro se* amended complaint and supplemental complaint involve the central thesis that medical omissions and mistreatment, including the failure to promptly provide necessary corrective urological surgery, caused harm which progressed to the point that simple urethroplasty was no longer an option, and Lyons's urological condition, which he alleges was initially easily treatable, deteriorated despite medical resources which should have been readily available, including the provision of catheters and timely consultative examinations.  Lyons complains that incompetent medical care resulted in erectile dysfunction and permanently painful urination difficulty.  Lyons's theories of recovery include state-law claims for negligence and

malpractice, violations of his Eighth Amendment Federal Constitutional rights raised in a *Bivens*-type claim,[1] and claims of negligence by federal employees under the Federal Tort Claims Act.

This case has been referred to a panel of the Court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In 2003, Lyons filed an amended complaint naming as defendants numerous doctors, nurses, physicians, assistants, and other employees of the Elkton, Ohio Federal Correctional Institution, the Federal Medical Center in Lexington, Kentucky, the Federal Transfer Center of Oklahoma, and the Federal Medical Center in Butner, North Carolina. He also alleged abuse by several employees of EMSA Correctional Care, a government contractor composed of licensed physicians, nurses, and administrative personnel who provide medical care to inmates in the Franklin County Correctional Center in Columbus, Ohio. Lyons alleged that since his incarceration in August 1998 in these institutions, the defendants failed to make available adequate medical supplies so that he could perform the self-catheterization that was required due to a pre-existing urethral stricture condition. Lyons claimed that the defendants' actions resulted in a deterioration of his condition and caused permanent injury, including sexual dysfunction, sterilization, and pain and suffering that continue until the present day. He alleged seven causes of action, including deliberate indifference under the Eighth Amendment, violations of the Tort Claims Act, and state-law claims of negligence and medical malpractice. Lyons was also granted permission to join the United States as a party under the Tort Claims Act.

The amended complaint in the district court contained seven counts. Counts two, six and seven were dismissed in 2009. The third count concerning Dr. Bradford Black's malpractice was dismissed on April 19, 2005 and is now before us on appeal. The fourth count was dismissed on September 30, 2005. The fifth count claiming malpractice against Dr. Charles Ray was transferred

---

[1]*See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

to the United States District Court for the Eastern District of Kentucky and is not before us. The magistrate judge conducted a very thorough review of count one and issued a very well reasoned opinion which the district court adopted and which is now before us along with counts two, three, four and seven.

Needless to say, we begin our review of the grant of summary judgment as to all these counts de novo. *ACLU v. Grayson Cnty., Ky.*, 591 F.3d 837, 843 (6th Cir. 2010). Summary judgment is appropriate where no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the district court draws all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). The overriding issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

We first conclude that the district court did not err in granting summary judgment in favor of Dr. Bradford Black, who treated Lyons while in custody in Ohio. Lyons alleged that Dr. Black was negligent by, among other things, improperly evaluating, diagnosing, and treating his condition, failing to provide pertinent information prior to surgery, failing to exercise reasonable care during two surgeries he performed, failing to treat post-operative complaints, failing to properly document Lyons's complaints, and failing to recognize that the prescribed course of treatment was "predictably unsuccessful." Under Ohio law, a plaintiff alleging medical malpractice or professional negligence must prove, by a preponderance of the evidence, that the defendant medical providers failed to adhere to the appropriate standard of care recognized by the relevant medical community and that such failure caused the plaintiff injury. *Bruni v. Tatsumi*, 346 N.E. 2d 673, 677 (Ohio 1976). Lyons produced no such testimony with respect to Dr. Black's care. Although Ohio's medical malpractice law contains a "common knowledge exception," *see id.* at 677, Lyons's claims against Dr. Black –

evaluating the standards of care involved in diagnosis, treatment, and surgery – are outside the realm of common knowledge and the exception is inapplicable. Thus, his medical malpractice claims against Dr. Black fail as a matter of law.

Lyons's constitutional claims of deliberate indifference under the Eighth Amendment against Dr. Black also fail as a matter of law. An Eighth Amendment violation cannot be established by a showing that a physician has been negligent in diagnosing or treating a medical condition. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because Lyons did not establish a genuine issue of fact to demonstrate that Dr. Black was deliberately indifferent to his serious medical needs, summary judgment in favor of Dr. Black was proper. Further, we find no abuse of discretion in the grant of summary judgment to Dr. Black without allowing Lyons additional discovery because Lyons failed to demonstrate that additional discovery would provide the expert testimony needed to succeed on his medical malpractice claims. *See Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002).

We also conclude that the district court did not err in granting summary judgment in favor of the employees of the federal prison facility at FCI-Elkton, FTC-OK, and FMC-Butner or the administrative employees of the Federal Bureau of Prisons. These claims of deliberate indifference in violation of the Eighth Amendment and medical malpractice claims raised under the Tort Claims Act have no factual basis.

The record is replete with references to the medical treatment that Lyons received while in custody and acknowledgment by Lyons himself that he received such treatment. Although Lyons suffered from a serious medical condition during his incarceration as a result of his urethral stricture, he failed to establish that the federal defendants acted with a sufficiently culpable state of mind because "[t]he fact that alternative procedures might have better addressed [a prisoner's] particular needs does not show that the [defendants were] deliberately indifferent to his medical needs." *Graham ex rel. Estate of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 384 (6th Cir. 2004). While

there is no dispute that Lyons contracted infections and suffered complications from his condition, the record indicates that the federal defendants routinely examined Lyons, administered antibiotics to treat his infections, provided Lyons with catheterization supplies and aided him in catheterization procedures, consulted with private physicians, and approved four major surgeries and numerous surgical procedures. We have said "[m]edical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843-44 (6th Cir. 2002). However, the care that Lyons received in this case was far from cursory. Lyons's disagreement with the exhaustive testing and treatment he received while incarcerated does not constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 107; *Westlake v. Lucas*, 537 F.3d 857, 860 n.5 (6th Cir. 1976).

Lyons's remaining deliberate indifference claims dealt with the defendants' failure to treat his erectile dysfunction and their orders to transfer him to various institutions without regard for his medical care. As the magistrate judge's report explained, Lyons's erectile dysfunction cannot be said to be a serious medical condition, given that no physician indicated its treatment was mandatory, it was not causing Lyons pain, and it was not life-threatening.

Lyons did not demonstrate that the administrative employees of the Bureau of Prisons displayed deliberate indifference with respect to his transfers from various institutions. Lyons failed to establish personal involvement on the part of the individual defendants. *See Gibson v. Matthews*, 926 F.3d 532, 534-35 (6th Cir. 1991) ("[P]ersonal liability on any of the defendants ... must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others .... "). Accordingly, summary judgment was properly granted in favor of the federal defendants on Lyons's claims under the Eighth Amendment.

The district court also did not err in granting summary judgment in favor of the defendants on Lyons's medical malpractice claims under the Federal Tort Claims Act. Liability under the Act is determined by reference to the law of the state where the alleged medical malpractice or

negligence occurred. *See* 28 U.S.C. § 1346(b); *Flechsig v. United States*, 991 F.3d 300, 303-04 (6th Cir. 1993). Lyons alleged medical malpractice in Ohio and must prove, by a preponderance of the evidence and generally through expert testimony, that the defendant medical providers failed to adhere to the appropriate standard of care recognized by the relevant medical community and that such failure caused the plaintiff injury. *Bruni*, 346 N.E. 2d at 677-78. Lyons's medical malpractice claims fail for the same reason his claims against Dr. Black fail – his lack of expert evidence to establish that the federal defendants breached an applicable standard of care. Nor can Lyons sustain a negligence action under North Caroline law with respect to the FMC-Butner federal defendants, as North Carolina law also requires expert testimony to establish a prima facie case for malpractice against a physician. *Bailey v. Jones*, 435 S.E. 2d, 787, 792 (N.C. Ct. App. 1993).

Likewise, Lyons's claims of malpractice against EMSA, the government health contractor, and its employees, which arose in Ohio while Lyons was housed at the Franklin County Correctional Center, fail because Lyons has provided no expert testimony regarding the applicable standard of care. Summary judgment was properly granted in favor of EMSA and its employees.

With respect to the remaining allegations in Lyons's brief in this Court, we find no merit to his arguments that the district court abused its discretion in denying him permission to withdraw his motion to dismiss count four or in denying his motion to correct clerical errors.

The judgment of the district court is affirmed.